IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN CASTRO, | ) | |
|     Movant, | ) | |
| vs. | ) | No. 3:16-CV-1761-G-BH |
| | ) | No. 3:04-CR-018-G (1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (doc. 1), should be **DENIED** with prejudice as barred by the statute of limitations.

## I.  BACKGROUND

Adrian Castro (Movant) challenges his federal conviction and sentence in Cause No. 3:04-CR-18-G.  The respondent is the United States of America (Government).

Movant was convicted of robbery of mail, money, or other property of the United States by use of a deadly weapon in violation of 18 U.S.C. § 2114 (count one); two counts of using, carrying, and brandishing a firearm during or in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (counts two and ten); and three counts of robbery of mail, money, or other property of the United States by use of a deadly weapon and aiding and abetting in violation of 18 U.S.C. §§ 2114, 2 (counts three, six, and nine).  (*See* doc. 48.)[1]  By judgment entered on July 1, 2004, he was sentenced to 552 months' imprisonment.  (*See id*.)  He did not appeal.

---

[1]  Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:04-CR-18-G.

Movant's § 2255 motion was filed by counsel on June 24, 2016. (No. 3:16-CV-1761-G, doc. 1.) It alleged that his convictions for violating § 924(c) are invalid in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). (*Id.*, doc. 1 at 7.) The Government filed a response on October 12, 2016, contending that the motion to vacate was untimely. (*Id.*, doc. 6.)

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A.  **Calculation of One-Year Period**

With regard to § 2255(f)(1), the judgment became final on July 16, 2004, when the time to appeal expired. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that "when a federal prisoner fails to file a notice of appeal from his conviction (in other words, when

he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal."). He does not allege that government action prevented him from filing a § 2255 petition earlier under § 2255(f)(2). The facts supporting his claim arose when he was sentenced, so § 2255(f)(4) does not apply.

Movant cites *Johnson*, in which the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B)(ii) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

Movant was not sentenced under § 924(e) of the ACCA. He was convicted and sentenced for using and carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a crime of violence under § 924(c). A "crime of violence" in § 924(c) is defined in part as an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). In contrast, the residual clause of § 924(e)(2)(B)(ii) defines "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another."

*Johnson* did not address the residual clause of § 924(c)(3)(B), and it did not recognize a new right regarding that residual clause. *See In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016) (Supreme Court did not address or decide in *Johnson* whether the differently worded residual clause of § 924(c)(3)(B) was unconstitutionally vague); *see also United States v. Stephens*, ___ F. App'x ___, 2017 WL 1826099 (5th Cir. May 3, 2017) (residual clause of § 924(c)(3)(B) is not unconstitutionally

3

vague under *Johnson*); *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (residual clause of 18 U.S.C. § 16(b) that defines "crime of violence" as an offense that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" was not unconstitutionally vague under *Johnson*). Because *Johnson* did not recognize that the residual clause of § 924(c)(3)(B) or a similarly worded residual clause is unconstitutionally vague, § 2255(f)(3) does not apply.

Because the latest of the dates under § 2255(f) is the date that Movant's conviction became final, he had until July 16, 2005, to file his § 2255 motion. His § 2255 motion was filed on June 24, 2016. It is therefore untimely in the absence of equitable tolling.

**B.** **Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on

their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling. Nor does he assert any other basis for equitable tolling. His § 2255 motion is untimely.

### III. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 9th day of November, 2017.**

                                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE