UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


| | | |
|---|---|---|
| ADRIAN CASTRO, | ) | |
| | ) | CIVIL ACTION NO. |
| Petitioner, | ) | |
| | ) | 3:16-CV-1761-G (BH) |
| VS. | ) | |
| | ) | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | 3:04-CR-018-G |
| Respondent. | ) | |


## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE


In this habeas case under 28 U.S.C. § 2255, Adrian Castro (petitioner)

challenges his conviction of several counts in Cause No. 3:04-CR-018-G, including

two counts of using, carrying, and brandishing a firearm during or in relation to a

crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (counts two and ten). On

November 9, 2017, the United States Magistrate Judge recommended that the

motion to vacate be denied with prejudice as barred by the statute of limitations.

(*See* docket entry 7.) Petitioner timely filed objections. After reviewing the

objections and conducting a *de novo* review of those parts of the findings, conclusions

and recommendation (FCR) to which objections have been made, I am of the opinion

that the findings and conclusions of the magistrate judge are correct, and they are accepted as the findings and conclusions of the court.

## I.

Petitioner challenged his convictions for violating § 924(c) as invalid. He argued that the definition of a "crime of violence" in § 924(c)(3)(B) of the Armed Career Criminal Act (ACCA) as an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" is unconstitutionally vague in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). He now objects to the recommendation that his motion be denied as time-barred.

Petitioner contends that the right he asserts was recognized in *Johnson*, and he objects to the conclusion that *Johnson* does not apply to § 924(c)(3)(B). Although he recognizes that his argument is foreclosed by precedent of the United States Court of Appeals for the Fifth Circuit, he asserts that the United States Supreme Court granted a petition for writ of certiorari to consider whether 18 U.S.C. § 16(b), which is similar to § 924(c)(3)(B), is unconstitutionally vague. See *Lynch v. Dimaya*, 137 S.Ct. 31 (2016). He notes that there is a circuit split on the issue of the vagueness of § 16(b). Compare *Golicov v. Lynch*, 837 F.3d 1065, 1072 (10th Cir. 2016) ("[h]aving carefully considered these principles and precedents, we agree with the Sixth, Seventh, and Ninth Circuits that 18 U.S.C. § 16(b) is not meaningfully

distinguishable from the ACCA's residual clause and that, as a result, § 16(b), and by extension 8 U.S.C. § 1101(a)(43)(F), must be deemed unconstitutionally vague in light of *Johnson*"), with *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc) (holding that § 16(b) is not unconstitutionally vague).

The Fifth Circuit has held that its decision in *Gonzalez-Longoria* foreclosed argument that § 924(c)(3)(B) is unconstitutional in light of *Johnson*, and that it is bound by that precedent even though the Supreme Court has granted review in *Dimaya*. *United States v. Woodard*, 697 F. App'x 287, 288 (5th Cir. 2017). Petitioner's objections regarding the timeliness of his § 2255 motion based on whether *Johnson* applies to § 924(c)(3)(B) are overruled.

Petitioner asks that this court withhold a ruling in his case until the Supreme Court decides *Dimaya*. He alternatively asks that his § 2255 motion be dismissed without prejudice so that he may re-raise the issue if the Supreme Court holds in *Dimaya* that the similarly worded § 16(b) is unconstitutionally vague. Additionally, he requests a certificate of appealability in light of the circuit split on whether that statute, and by extension § 924(c)(3)(B), is unconstitutionally vague.

Petitioner's request that the ruling in this case be withheld pending the decision in *Dimaya* is also denied. The Fifth Circuit has declined to stay a case involving the constitutionality of § 16(b) pending the decision in *Dimaya*. *United States v. Ontiveros-Cedillo*, 698 F. App'x 218, 219 (5th Cir. 2017). A dismissal with

prejudice is appropriate.  If petitioner seeks to file a successive 28 U.S.C. § 2255

motion at some point in the future, he must comply with the requirements 28 U.S.C.

§ 2244(b).

## II.

A *de novo* review of those parts of the FCR to which objections have been made

shows that petitioner has failed to demonstrate that the order is either clearly

erroneous or is contrary to law.  *See* FED. R. CIV. PROC. 72(a).  His objections are

**OVERRULED**.  The findings and conclusions of the magistrate judge are correct,

and they are accepted as the findings and conclusions of the court.

For the reasons stated in the findings, conclusions and recommendation of the

United States Magistrate Judge, the motion to vacate, set aside or correct sentence

filed under 28 U.S.C. § 2255 is **DENIED** with prejudice as barred by the statute of

limitations.

In accordance with FED. R. APP. P. 22(b) and 28 U.S.C. § 2253(c) and after

considering the record in this case and the recommendation of the magistrate judge,

petitioner is **DENIED** a certificate of appealability.  Although there is a circuit split

on the issue of the constitutionality of the language in § 924(c)(3)(B), the Fifth

Circuit has resolved the issue in this circuit and has declined the opportunity to

reconsider that decision in light of the grant of certiorari review in *Dimaya*.  The court

adopts and incorporates by reference the magistrate judge's findings, conclusions and

recommendation in support of its finding that petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If the petitioner files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* and a properly signed certificate of inmate trust account.

**SO ORDERED**.

November 30, 2017.

**A. JOE FISH**
**Senior United States District Judge**