IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADRIAN CASTRO,          ) | |
|     Movant,     ) | |
| ) | No. 3:16-CV-1761-G-BH |
| vs.       ) | No. 3:04-CR-18-G (1) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent.  ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is *Movant's Request for an Indicative Ruling on an Opposed Motion for Leave to File An Amended or Supplemental Pleading*, filed on February 12, 2020 (doc. 14). Based on the relevant findings and applicable law, the movant's request should be denied without prejudice.

## I.      BACKGROUND

Adrian Castro (Movant) pled guilty to robbery of mail, money, or other property of the United States by use of a deadly weapon in violation of 18 U.S.C. § 2114 (count one); two counts of using, carrying, and brandishing a firearm during or in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (counts two and ten); and three counts of robbery of mail, money, or other property of the United States by use of a deadly weapon and aiding and abetting in violation of 18 U.S.C. §§ 2114 & 2 (counts three, six, and nine). (*See* 3:04-CR-18-G (1), doc. 48.) He was sentenced to 552 months' imprisonment by judgment entered on July 1, 2004. (*See id.*) Movant did not appeal his conviction or sentence to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit).

On June 24, 2016, Movant filed his motion to vacate sentence under 28 U.S.C. § 2255,

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for full case management.

alleging that his convictions under § 924(c) were invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*See* doc. 1 at 7.) The United States of America (Respondent) filed a response on October 12, 2016, contending that the petition was untimely. (*See* doc. 6.) On November 30, 2017, Movant's petition was denied with prejudice as barred by the statute of limitations, and he was denied a certificate of appealability. (*See id.*, docs. 7, 9-10.) On January 29, 2018, Movant appealed the denial of his petition to, and requested a certificate of appealability from, the Fifth Circuit. (*See* doc. 11.) On January 14, 2019, the Fifth Circuit granted a certificate of appealability as to the denial of Movant's petition as untimely. (*See* doc. 22 at 3-5.) His appeal remains pending before the Fifth Circuit. *See United States v. Castro*, No. 18-10137 (5th Cir. filed Feb. 2, 2018).

On February 12, 2020, Movant moved in this court for an indicative ruling under Fed. R. Civ. P. 62.1 on a proposed motion for leave to amend or supplement his habeas petition to add "a claim or ground for relief" based on the constitutional rule announced in *United States v. Davis*, 139 S.Ct. 2319 (2019), invalidating as unconstitutional the "residual clause" of 18 U.S.C. § 924(c)(3)(B). (*See* docs. 14, 14-1.) On April 7, 2020, Respondent filed an opposition to the motion, to which Movant replied on May 22, 2020. (*See* docs. 21, 22, 27.)

## II.   ANALYSIS

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Moore v. Tangipahoa Parish Sch. Bd.*, 836 F.3d 503, 504 (5th Cir. 2016) (per curiam) ("A timely notice of appeal divests the district court's jurisdiction . . . .") (citing *Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1073-74 (5th Cir. 2010)). Federal Rule of Civil Procedure 62.1 provides a means by which a district court may exercise its

discretion to entertain a motion for relief over which it otherwise lacks jurisdiction because of a pending appeal: *Bandi v. Becnel*, No. 15-2014, 2016 WL 8716652, at * 2 n. 2 (E.D. La. Mar. 15, 2016). In relevant part, it states:

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> **(1)** defer considering the motion;
>
> **(2)** deny the motion; or
>
> **(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a); *see also A Pty Ltd. v. Homeaway, Inc.*, No. 1:15-CV-158 RP, 2016 WL 4218385, at *1 (W.D. Tex. Aug. 9, 2016) ("[Rule 62.1] outlines when a district court may entertain a motion for relief that is otherwise barred by a pending appeal."). The purpose of a Rule 62.1 indicative ruling "is to allow [the court of appeals] to remand the case if [it] deem[s] it 'useful to decide the motion before [deciding] the pending appeal.'" *Matter of Bandi*, 676 F. App'x 290, 292 (5th Cir. 2017). If a district court proceeds under Rule 62.1(a)(3), "the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(b). "The district court may decide the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(c).[2]

---

[2] "Rule 62.1 codifies the procedure most courts used to address Rule 60(b) motions to vacate final judgments which had already been appealed," but its application is not limited to motions under that rule. *Retirement Bd. of Policemen's Annuity and Ben. Fund of City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013) (citations omitted) (considering a Rule 62.1 motion for an indicative ruling on a Rule 15(a)(2) motion for leave to amend). In that case, the court denied the motion because a ruling on the motion for leave to amend would do little to aid the appellate court's consideration of the appeal, and it would place the district court in a position whether it must predict the outcome of an appeal of its own decision. *See id.* at 221-222.

Movant seeks to amend or supplement his petition under Rule 15(a)(2), and he requests an indicative ruling under Rule 62.1 regarding whether the Court would grant the motion. (*See* doc. 14 at ¶ 14.) After the expiration of the time to amend pleadings as a matter of course under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "While [Rule15(a)] endows a district court with 'virtually unlimited discretion' to allow amendments before entry of judgment, that discretion narrows considerably after entry of judgment." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). When, as here, a party seeks to amend a pleading after entry of judgment, "post-judgment amendment is permissible only when the judgment is vacated pursuant to Federal Rule of Civil Procedure 59 or 60." *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 550 (5th Cir. 2009) (citing *Vielma*, 218 F.3d at 468 ("Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under FED.R.CIV.P. 59 or 60.")); *see also Brewer v. Hashim*, No. 2:16-cv-326-jmc, 2017 WL 3433904, at *2 (D. Vt. Aug. 10, 2017) ([T]his Court could exercise jurisdiction over [the plaintiff's] Motion to Amend if it was accompanied by a timely filed motion to amend the judgment pursuant to Rule 59(e) or for relief from judgment pursuant to Rule 60(b); and if that post judgment motion was granted.") (citing *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011)).[3]

Movant does not seek to alter or amend a judgment under Rule 59 or relief from judgment or order under Rule 60. He argues that because he has requested vacatur from the Fifth Circuit, the "case will not be back before this Court without vacating the earlier judgment, so Rule 15 governs, not Rule 59 or 60." (doc. 27 at 1.) He cites no case law in support of his conclusion.

---

[3] "When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

4

Rule 62.1(a)(3) and Appellate Rule 12.1 provide that the appellate court may remand for further proceedings on the Rule 62.1(a)(3) motion and either retain jurisdiction over the appeal or expressly dismiss the appeal. *See* Fed. R. Civ. P. 62.1(a)(3); Fed. R. App. P. 12.1; *see also Moore*, 836 F.3d at 504 (remanding for the limited purpose of considering the Rule 62.1(a)(3) motion and retaining jurisdiction during limited remand); *Smitherman v. Bayview Loan Servicing*, 683 F. App'x 325, 326 (5th Cir. 2017) (construing court order as an indicative ruling under Rule 62.1(a)(3), remanding the case, and dismissing appeal). Accordingly, a remand by the Fifth Circuit under Rule 62.1(a)(3) and Appellate Rule 12.1 would be for the limited purpose of considering Movant's post-judgment motion to amend. *See Vielma*, 218 F.3d at 468. As noted, however, post-judgment amendment would only be permissible if the judgment was first vacated under Rules 59 or 60. *See Benson*, 575 F.3d at 550. Because Movant has not requested that relief, his request for an indicative ruling on his post-judgment motion to amend should be denied.

### III. RECOMMENDATION

Movant's *Request for an Indicative Ruling on an Opposed Motion for Leave to File An Amended or Supplemental Pleading* should be **DENIED**.

**SIGNED on this 24th day of August, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE